# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

GEORGE ARTHUR BUNN  PETITIONER
ADC # 112142

VS.   NO. 5:06CV00257 JLH-BD

LARRY NORRIS, Director,
Arkansas Dept. of Correction  RESPONDENT

## RECOMMENDED DISPOSITION

**I.  Procedure for Filing Objections:**

The following recommended disposition has been sent to United States Chief District Judge J. Leon Holmes. Any party may file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date you receive the Recommended Disposition. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

1

Pending is Petitioner's petition for writ of habeas corpus (#2) and Amended Petition for Writ of Habeas Corpus (#16). For the reasons set forth below, the Court recommends that the Petition and Amended Petition be dismissed with prejudice.

## II. **Background:**

Petitioner George Arthur Bunn was convicted by a jury of two counts of being a felon in possession of a firearm and was sentenced as an habitual offender to twenty years in prison. Petitioner's trial counsel appealed his conviction to the Arkansas Court of Appeals on two grounds. First, he claimed the trial court erred when it denied his motion to suppress evidence based on an unlawful search. Second, he claimed the court erred when it allowed the introduction of a judgment and commitment order for enhancement purposes that clearly stated that Bunn acted pro se and did not voluntarily waive his right to counsel. The Arkansas Court of Appeals affirmed. *Bunn v. State*, No. CACR 03-280, 2004 WL 392885, at *1 (Ark. App. Mar. 3, 2004). The Arkansas Court of Appeals found that, given the testimony at the suppression hearing, it was not error for the trial court to have ruled there was consent for the search. *Id*. at *3. It also found that the trial court did err when it introduced the judgment, but the error was harmless because Bunn had been convicted of two other felony charges in the State of Maryland that were considered felonies for enhancement purposes under Arkansas law. *Id*. at *5

Petitioner then filed a pro-se petition for post-conviction relief under Ark. R. Crim. P. 37 claiming: (1) he received ineffective assistance of counsel; (2) prosecution and

2

defense counsel improperly handled a pre-trial consent to search issue; (3) he was denied the right to confront his accuser; (4) he was denied a fair trial because of juror misconduct; (5) the trial court erred by using misdemeanors to enhance his sentence; (6) there was prosecutorial misconduct; (7) he was denied counsel during search; (8) there was insufficient evidence to convict him of being a felon in possession of a firearm; (9) tainted evidence from an unconstitutional search and seizure was admitted; and (10) he was denied due process. The trial court held a hearing on the petition and entered an order denying relief on all of Petitioner's claims. (Respondent's Exhibit 19 at pp. 43-46)

Petitioner filed a notice of appeal of the trial court's order. He lodged the record on appeal but filed a brief that did not conform with the rules of the Arkansas Supreme Court. In a per curiam order, the Arkansas Supreme Court directed Petitioner to file another brief within fifteen days. *Bunn v. State*, No. CR 05-326, 2006 WL 246557 at *1 (Feb. 2, 2006). In response to the Court's order, Petitioner submitted two copies of his appeal brief and a motion to have the other copies generated at the public's expense. In another per curiam order, the Court denied the motion for duplication of the brief at public expense. *Bunn v. State*, No. CR 05-326, 2006 WL 650693 at *1 (March 16, 2006). The Court held that Petitioner had no right to have the brief copied at public expense because he had not made a substantial showing that the appeal had merit. *Id*. The Court ordered Petitioner to submit an additional fifteen copies of his brief within fifteen days. *Id*. Petitioner filed a motion to reconsider which was denied on the same grounds.

3

Again, the Court gave Petitioner fifteen days to submit additional copies of the brief. *Bunn v. State*, No. CR 05-326, 2006 WL 1166887 at *1 (April 27, 2006). Following denial of the motion for reconsideration, Petitioner was granted an additional fifteen day extension to submit copies of his brief. *Bunn v. State*, No. CR 05-326, 2006 WL 1516416 at *1 (June 1, 2006). Petitioner, however, never submitted the copies and on September 7, 2006, the Arkansas Court of Appeals issued a mandate dismissing Petitioner's appeal for failure to file briefs. (Respondent's Exhibit 18)

On October 4, 2006, Petitioner brought this petition for writ of habeas corpus (#2) under 28 U.S.C. § 2254 challenging his state court conviction. He raises several claims in his petition and amended petition (#16): (1) that he was unlawfully arrested without a warrant, without a probable cause hearing, and without anyone first swearing that he committed a crime; (2) that there was no probable cause hearing after the arrest and he was not allowed to confront his accuser; (3) that counsel was improperly appointed and was ineffective; (4) that the circuit court lacked jurisdiction because he did not file an answer; (5) that out-of-state misdemeanor convictions were improperly used to enhance his sentence; (6) that there was general judicial misconduct; and (7) that he did not receive notice of the nature of the charges against him because the state did not respond to his bill of particulars.

In its response to the petition (#7) and amended petition (#17), Respondent asserts that to the extent Petitioner raises any Fourth Amendment claims relating to the trial

court's denial of the motion to suppress evidence, those claims are barred by *Stone v. Powell*, 428 U.S. 465. 96 S.Ct. 3037 (1976). Respondent also contends that Petitioner's remaining claims are procedurally barred because he failed to properly present them to the State court. For the reasons set forth below, the Court recommends that Petitioner's claims be dismissed with prejudice.

**III.    Analysis of Petitioner's Claims:**

A.    *Stone v. Powell*

In *Stone v. Powell*, *supra*, the United States Supreme Court held that, where a state prisoner has been afforded "an opportunity for full and fair litigation of a Fourth Amendment claim, [he] may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone*, 428 U.S. at 494. The Eighth Circuit, in *Willett v. Lockhart*, 37 F.3d 1265, 1273 (8th Cir. 1994), set out a two-part test to determine whether an opportunity to litigate a Fourth Amendment claim in state court was "full and fair." A state court Fourth Amendment claim is fully and fairly litigated, and thus barred from federal habeas review, unless: (1) the state provided no procedure by which the petitioner could raise his or her Fourth Amendment claim, or (2) the petitioner was foreclosed from using that procedure because of an unconscionable breakdown in the system. *Id*.

When reviewing a Fourth Amendment claim, a federal habeas court is not required to conduct a hearing. *Id*. at 1270-71. Additionally, the reviewing court should abstain

5

from review of the state court records to determine whether the state court's factual findings are supported by the record. *Id*. at 1270. The Fourth Amendment claim may be barred even where the state court erred in deciding the legal merits of the claim. *Id*. at 1268; see also *Sweet v. Delo*, 125 F.3d 1144, 1149 (8th Cir. 1997).

In this case, Petitioner, represented by counsel, raised his Fourth Amendment claims in state court through a pretrial motion. The trial court held an evidentiary hearing on the motion to suppress, and the Petitioner was given the opportunity to present witnesses and make arguments. The trial court ruled on the merits of Petitioner's Fourth Amendment claims, and Petitioner appealed that ruling in his direct appeal to the Arkansas Court of Appeals. The Court of Appeals reviewed the trial court's ruling and affirmed. In this case, Arkansas provided a procedure by which the petitioner could raise his Fourth Amendment claim, and Petitioner used that procedure. Consequently, this Court cannot review any Fourth Amendment claims Petitioner has raised.

B.  Procedural Default

Habeas relief is available to a petitioner after he or she "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254 (b)(1)(A). In order to exhaust, the petitioner must "use the State's established appellate review procedures." *Armstrong v. Iowa*, 418 F.3d 924, 925 (8th Cir. 2005) citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728 (1999). In *Coleman v. Thompson*, the United States Supreme Court set forth the conditions under which a federal court can review a federal

claim that has been procedurally defaulted in state court: "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565 (1991).

In this case, the only claim Petitioner raised in the direct appeal of his conviction (other than the Fourth Amendment claim) was that the trial court improperly admitted a judgment and commitment order for enhancement purposes that clearly stated that Petitioner acted pro se and did not voluntarily waive his right to counsel. *Bunn v. State*, No. CACR 03-280, 2004 WL 392885, at *1 (Ark. App. Mar. 3, 2004). Petitioner does not raise that claim here.[1]

After his conviction was affirmed by the Court of Appeals, Petitioner raised several claims in a Rule 37 post-conviction petition to the trial court. Petitioner raises

---

[1] Here, Petitioner argues that the trial court misused misdemeanors from another state to enhance his sentence, thus violating his due process rights. This argument was foreclosed by the Arkansas Court of Appeal's decision on Petitioner's direct appeal in which the Court found that the Maryland convictions used to enhance Petitioner's sentence were felonies. *Bunn v. State*, No. CACR 03-280, 2004 WL 392885, at *5 (Ark. App. Mar. 3, 2004).

several new claims in this habeas petition that were not raised in his Rule 37 petition.[2] Because Petitioner is foreclosed from raising new claims under Arkansas Rule of Criminal Procedure 37.2(b), those claims are barred. Petitioner's remaining claims that were raised in his post-conviction Rule 37 petition are also procedurally barred because Petitioner's appeal of the trial court's denial of his Rule 37 petition was dismissed for failure to properly file a brief. Accordingly, this Court cannot review any of Petitioner's claims unless Petitioner demonstrates cause for the defaults and actual prejudice, or a fundamental miscarriage of justice.

1. Cause for Default

The cause and prejudice standard applies to procedural defaults on appeal as well as at trial. *Murray v. Carrier*, 477 U.S. 478, 491, 106 S.Ct. 2639 (1986). Under this standard, cause is established when "some objective factor external to the defense impede[s] counsel's efforts to comply with the State's procedural rule." *Murray*, 477 U.S. at 488.

Petitioner offers no explanation for his failure to raise all of his claims with the trial court in his Rule 37 petition. However, in order to establish cause for his failure to file his appellate brief, Petitioner claims the Arkansas Department of Correction denied

---

[2]The following claims were not raised by Petitioner in his Rule 37 petition: (1) unlawful arrest without a warrant, (2) improper appointment of counsel; (3)circuit court's lack of jurisdiction because he did not file an answer; (4) general judicial misconduct; and (5) failure to receive notice of the nature of the charges against him because of the state's failure to respond to his bill of particulars.

him copies of his brief. (#11 at 1) Prison officials may not deny or obstruct an inmate's access to the courts. *Smith v. Groose*, 12 F.3d 1103 (8th Cir. 1993). However, under Arkansas law, there is no right to have a brief in a post-conviction or other civil case duplicated at public expense. *Maxie v. Gaines*, 317 Ark. 229, 876 S.W.2d 572 (1994). The only exception is where the indigent appellant makes a substantial showing to the appellate court that the appeal has merit, and he or she cannot provide the court with a sufficient number of copies. In ruling on Petitioner's motion to have copies made at the public's expense and request for reconsideration of that motion, the Arkansas Supreme Court specifically found that Bunn had failed to make a substantial showing that his appeal had merit. Accordingly, Petitioner was not entitled to have the briefs copied at public expense, and he has not shown cause for his failure to file a timely appeal. Because petitioner has not established cause for any of his defaults, it is not necessary to reach the question of prejudice.

    2.    <u>Miscarriage of Justice</u>

Petitioner also may overcome procedural default by showing that failure to hear his petition will result in a miscarriage of justice. To establish a miscarriage of justice, Petitioner must show that, based on new evidence, a constitutional violation has resulted in the conviction of someone who is actually innocent. *Pitts v. Norris*, 85 F.3d 348, 350 (8th Cir. 1996). This exception is concerned only with claims of actual innocence, not legal innocence. *Id*. A claim of actual innocence requires that petitioner "support his

9

allegation of constitutional error with new reliable evidence . . ." *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 865 (1995)). Actual innocence may be established by a credible declaration of guilt by another, a trustworthy eyewitness account, or exculpatory scientific evidence. *Id*. Petitioner has not come forward with any new evidence of actual innocence in order to overcome the procedural default. Thus, the Court recommends his petition be dismissed.

## IV. Conclusion

The Court recommends that Petitioner's petition for writ of habeas corpus (#2) and amended petition for writ of habeas corpus (#16) be dismissed with prejudice.

DATED this 12th day of April, 2007.

_____
UNITED STATES MAGISTRATE JUDGE